IN THE UNITED STATES DISTRICT COURT FOR THE DISTRICT OF MASSACHUSETTS

DOCKET NO.

|  |  |
|---|---|
| JOSEPH SILVA, | ) |
| Plaintiff, | ) |
| v. | ) |
| FIRST STUDENT, INC. STEELWORKERS' UNION LOCAL 8751, and VIOLIA TRANSPORTATION, INC., | ) |
| Defendants. | ) |

## COMPLAINT AND JURY TRIAL DEMAND

### THE PARTIES

1. Joseph Silva resides in Brockton, MA 02302.

2. Defendant, First Student, Inc. is a corporation with a business address of 705 Central Ave., Suite 300, Cincinnati, OH 45203.

3. Defendant, Steelworkers' Union Local 8751 ("Local 8751" or the "Union") is a labor union of bus drivers in the City of Boston, MA with a business address of 25 Colgate Rd., 3rd Floor, Roslindale, MA 02301. Local 8751 is a union located and organized under the laws of the Commonwealth of Massachusetts and is subject to 29 U.S.C. § 185.

4. Defendant, Veolia Transportation, Inc. is a corporation with a business address of 720 E. Butterfield Rd., Suite 300, Lombard, IL 60148. Veolia is the successor-in-interest to First Student.

[1]

## JURISDICTION AND VENUE

5. Jurisdiction and venue are proper pursuant to 29 U.S.C. § 185 and 28 U.S.C. § 1391.

## FACTS COMMON TO ALL COUNTS

6. Silva is a member of Local 8751 Bus Driver's Union and has been a member of Local 8751 at various times since 1985. Silva was a bus driver employed by First Student since 1985.

7. First Student formerly was party to a contract between itself and the City of Boston until on or about June 30, 2013 under which First Student was to transport students (hereinafter referred to as, "the Contract"). Silva transported students as part of his job under the Contract. Responsibility for transporting students under the Contract was transferred from First Student to Veolia on or about July 1, 2013.

8. On or about 1999, Silva's daughter became ill and he attempted to apply for FMLA Leave. His request for leave was denied and he was forced to stop working for First Student to care for his ill daughter. Silva, nonetheless, remained an active member of the Union with all rights and benefits of seniority.

9. Silva attempted to return to work for First Student at various times between 2000 and 2006. Silva was consistently told by First Student that he was being passed-over for re-

employment by First Student for the company to hire candidates from the candidate pool that has less seniority than Silva. Silva was finally offered re-employment with First Student in 2006. Upon re-employment, First Student claimed that Silva had lost 14 years of seniority.

10. Silva later began contacting Local 8571 to file grievances on his behalf to have his seniority reinstated.

11. Local 8571 filed Grievance 120-011 on Silva's behalf to have his seniority benefits reinstated; however, that grievance was denied on May 12, 2011.

12. Local 8751 filed Grievance 174-010 to have Silva's seniority reinstated as First Student was violating past practices and the CBA by refusing to reinstate Silva's seniority; however, that grievance was denied on November 9, 2010.

13. On information and belief, a union member named Augusto Pina ceased working First Student for a period of 10 years after being married, returned to First Union, and was re-employed with all seniority benefits upon rehire, all contrary to the treatment that Silva received. The re-employment of Pina; however, was consistent with past practices of both First Student and the Union.

14. Since the denial of Grievance 171-010, Silva has contacted several Union officials to have the his matter brought to arbitration under the collective bargaining agreement.

15. All of the Union officials contacted by Silva or his agents stated that the Union would bring the matter to arbitration. The Union has never brought the matter to arbitration for resolution and, instead, has sought to conceal, delay, or otherwise interfere with Silva's rights to pursue arbitration by not responding to Silva or his agents inquiries to have the matter brought to arbitration or by not committing to take Silva's matter to arbitration.

16. On or about December 2012, Silva's counsel, Mitch Notis, wrote to Local 8751 requesting that it take action to pursue arbitration for Silva as promised. Attached as **Exhibit**

A, is a copy of the December 2012 letter from Attorney Notis to Local 8751. The Union never responded to the December 2012 Letter with a commitment to take Silva's matter to arbitration.

17. On or about May 22, 2013, Attorney Notis wrote Local 8751 instructing them that Silva's matter must be taken to arbitration pursuant to the Union's promises to Silva and that the Union would be in violation of its duty of representation to Silva if it neglected to do so. The Union never committed to taking Silva's matter to arbitration in response to the May 22, 2013 Letter. Attached as **Exhibit B** is the May 22, 2013 Letter to the Union.

18. The Union has taken absolutely no action towards arbitration as promised to Silva, has ignored his counsel's letters requesting arbitration, and has prejudiced Silva's rights to obtain arbitration by virtue of its delays, stalling tactics, and concealment of its intent not to pursue to arbitration for Silva.

19. On account of manner on which the Union and First Student have treated Silva, Silva has lost an estimated $287,000 in wages on account of the reduction in his seniority.

## COUNT I (Violations of 29 U.S.C. § 185)

20. Silva incorporates all of the foregoing statements into this paragraph and further states:

21. The Defendants had a duty to ensure that Silva obtained all rights and benefits under the CBA to have his seniority reinstated.

22. The Union has represented to Silva on various occasions that it would pursue arbitration but it failed to pursue arbitration.

23. First Student and Veolia are obligated under the CBA to provide Silva with all benefits of seniority, including payment, but has breached its obligation to do so under the

CBA.

24. The Union has mislead Silva with its misrepresentations and has failed to diligently pursue all rights and privileges of Silva under the CBA.

25. The Union violated its duty of fair representation to Silva under the CBA.

26. As a direct and proximate result of the Defendants' actions, they have breached their respective duties to Silva and Silva is entitled to damages, cost, and attorney's fees under 29 U.S.C. §185.

**WHEREFORE,** Silva prays that the Court:

1. Award him damages in an amount to determine at trial;
2. Award his attorney's fees and all statutory relief to which he is entitled;
3. Grant him a trial by jury on all claims so triable; and
4. Grant him such other declaratory and further relief as the Court deems just and proper.

**Dated: November 28, 2013**

SILVA,
BY HIS ATTORNEY,

_____
John J. Hightower, Attorney at Law
90 Pleasant St. Suite 12
Randolph, MA 02368
Telephone: (617) 308-7136
*Counsel for Plaintiff*