**UNITED STATES DISTRICT COURT**
**DISTRICT OF MASSACHUSETTS**

| | |
|---|---|
| JOSEPH SILVA, | Civil Action No. 13-cv-13051-GAO |
| Plaintiff, | |
| FIRST STUDENT, INC., STEELWORKERS UNION LOCAL 8751, and VIOLIA TRANSPORTATION, INC., | **MEMORANDUM AND ORDER** |
| Defendants. | |

**CABELL, Magistrate Judge**:

**INTRODUCTION**

Pending before the Court is the motion of the defendant Union Local 8751 (the defendant) to withdraw and amend a response to a request for an admission served upon it by the plaintiff. (Dkt. No. 66). For the reasons discussed below, the motion is GRANTED.

**RELEVANT BACKGROUND**

The plaintiff, a bus driver, lost benefits when he temporarily left his job to care for an ill family member. He asked his union, the defendant, to timely dispute the action through arbitration but alleges the union failed to do so. The plaintiff commenced the instant action by way of a complaint on November 28, 2013, and filed an amended complaint on August 4, 2014. (Dkt. Nos. 1, 31).

On September 16, 2014, the defendant moved to dismiss the complaint. The defendant argued among other things that it had acted appropriately, and had in fact sent the plaintiff's attorney a letter dated June 24, 2013 indicating that it was prepared to take the plaintiff's dispute to arbitration upon receipt of additional information.

On October 24, 2014, and while the motion to dismiss was pending, the plaintiff served the

defendant with a request for documents, admissions and interrogatories.  Admission request No. 2 asked the defendant to admit that it "never sent the [June 24, 2013] letter" to the plaintiff's counsel.

The defendant did not respond to this request.  Rather, on October 30, 2014, the defendant filed a motion for a protective order to stay discovery pending a ruling on the motion to dismiss.  The plaintiff opposed the motion for a protective order, on November 10, 2014, and then moved on December 15, 2014 to compel the defendant to respond to its still unanswered discovery requests.  On December 19, 2014, the defendant opposed the plaintiff's motion to compel, again on the ground that it made best sense to stay discovery pending resolution of the motion to dismiss.  (Dkt. Nos. 44, 47, 49, 50).  Notwithstanding the absence of court action on the parties' motions, the defendant did not respond to the plaintiff's discovery requests.

On April 7, 2015, the Court held a hearing on the defendant's motion to dismiss.  The Court noted the case's procedural history and the unsettled state of discovery, and expressed an intent to have the parties resume the exchange of discovery once the motion to dismiss was resolved.  ("[W]e are just going to create a new discovery schedule … down the road…").  The Court stated that it understood why the defendant had preferred to stay discovery pending resolution of the motion to dismiss, but admonished the defendant that it nonetheless should have responded to the plaintiff's discovery requests absent a court order staying discovery.  For that reason, the Court explained that it would allow the plaintiff's motion to compel outstanding discovery (in order to underscore the defendant's discovery obligations), and deny as moot the defendant's motion for a protective order.  The Court explained that the defendant would be required to produce discovery in accordance with a new schedule to be developed once the motion to dismiss was resolved.  Accordingly, the Court contemplated that the defendant would be permitted to respond to the plaintiff's various discovery requests following resolution of the motion to dismiss.

The motion to dismiss was resolved several months later, on September 23, 2015, when the District Judge adopted this Court's recommendation that the motion be denied. (Dkt. Nos. 60 and 63). As anticipated, the Court then on October 1, 2015 convened a status conference to set a new discovery schedule. Given that neither side had yet to even respond to discovery requests served several months earlier, the Court set new deadlines for responding to written discovery (10/30/2015), for completing fact discovery and depositions (03/15/2016), for filing dispositive motions (05/15/2016), for plaintiff's expert disclosures (05/15/2016), and for completing expert depositions (06/15/2016).

Following the conference, and on that same day, the defendant formally responded to the plaintiff's requests for admissions, including request No. 2, and denied that it had failed to send the June 24, 2013 letter to the plaintiff's counsel.

### **THE DEFENDANT'S MOTION**

On October 7, 2015, and apparently out of an abundance of caution, the defendant filed the instant motion. It requests that, in the event the Court were to treat the defendant's initial failure to timely respond to the plaintiff's request for admissions as a waiver and admission, the defendant be permitted to withdraw the admission and amend its response to a denial consistent with the written response the defendant provided to the plaintiff on October 1st. The plaintiff argues in opposition that the defendant should not be rewarded for its unilateral decision to stay discovery, and that allowing the motion now would prejudice the plaintiff because he no longer has access to time sensitive UPS records that might have been available to prove (as he apparently suspects) that the defendant never sent the letter as claimed.

**STANDARD OF REVIEW**

Federal Rule of Civil Procedure 36(a) requires a party to respond to a request for an admission within thirty (30) days and, to the extent such party fails to timely respond, the requests are deemed admitted. Rule 36(b) provides, however, that a "matter admitted under this rule is conclusively established unless the court, on motion, permits the admission to be withdrawn or amended. The court may permit withdrawal or amendment if it would promote the presentation of the merits of the action and if the court is not persuaded that it would prejudice the requesting party in maintaining or defending the action on the merits." Fed. R. Civ. P. 36(b). "The prejudice contemplated by the rule is not simply that the party who initially obtained the admission will now have to convince the fact finder of its truth. Rather, it relates to the difficulty a party may face in proving its case, *e.g.,* caused by the unavailability of key witnesses, because of the sudden need to obtain evidence with respect to the questions previously answered by the admissions." *Brook Vill. N. Associates v. Gen. Elec. Co.*, 686 F.2d 66, 70 (1st Cir. 1982). A court has "considerable discretion over whether to permit withdrawal or amendment of admissions made pursuant to Rule 36." *Farr Man & Co. v. M/V Rozita*, 903 F.2d 871, 876 (1st Cir. 1990). This discretion, however, is to be exercised within the parameters of the two-part test noted above.

**DISCUSSION**

The defendant's motion is arguably unnecessary in light of the prior events and court rulings noted above. While it is true that the defendant did fail to respond to the plaintiff's request for admissions within 30 days as required by Rule 36, and moreover failed to respond after requesting but not yet receiving permission for a protective order to stay discovery, the Court addressed that issue by stating that it would establish a new discovery schedule after resolution of the motion to dismiss. To that end, the Court instructed the defendant in open court that it would

4

"need to respond to the plaintiff's discovery request in accordance with that new discovery schedule" but that it "[did] not have to do anything right now." (And, given the revelation at the October 1st conference that neither side had timely responded to discovery requests served several months earlier, the new discovery schedule apparently provided some benefit and relief to both parties.).

But, even considering the defendant's motion without regard to these prior events, and considering it solely on the basis of Rule 36(b), the Court is persuaded that, to the extent the plaintiff was treating the defendant's failure to timely respond as an admission, permitting the defendant to withdraw and amend his admission would be appropriate here.  Indeed, the first prong "…of the test is clearly satisfied [where] the effect of upholding the admission[ ] would be to practically eliminate any presentation of the merits." *Siguel v. Allstate Life Ins. Co.*, 48 F.3d 1211 (1st Cir. 1995) (*quoting Westmoreland v. Triumph Motorcycle Corp.*, 71 F.R.D. 192, 193 (D. Conn. 1976)).  Here, whether the defendant sent the plaintiff's attorney the June 24, 2013 letter is a critical issue of fact.  The plaintiff alleges that it never received the letter and suspects that the defendant never sent it.  The defendant by contrast claims that it did send the letter, and it relies in large part on the letter as proof that it did not breach any obligations owed the plaintiff.  In this light, it would unquestionably frustrate a presentation of the merits as they relate to the Union's defense if the defendant were to be precluded from attempting to prove or even assert this claim.

Moreover, the plaintiff would not be prejudiced if the motion were to be allowed.  Even accepting that the defendant should have responded within 30 days, the subsequent approximate one year delay was also due in part to the Court's delay in resolving the motion to dismiss and in instructing the defendant that it would not need to respond until a new discovery schedule was established.  Further, the plaintiff can hardly be heard to express unfair surprise that the defendant

claims to have sent the letter where the defendant argued exactly that in its motion to dismiss in September of 2014.  The plaintiff's claim that it has somehow been deprived of the ability to prove the defendant never sent the letter is equally unavailing.  Even assuming as the plaintiff contends that it had a nine month window in which to obtain pertinent records from UPS, that window would have passed approximately nine months after June 24, 2013, that is, around March 24, 2014.  That was still several months before the defendant first made the claim regarding the letter in its motion to dismiss in September of 2014, so it would *a priori* have made no difference in this regard even had the defendant timely denied the plaintiff's subsequent request for admissions.

Accordingly, the Court is satisfied that both prongs of the Rule 36(b) test have been met.  Permitting the defendant to amend its response to request No. 2 would promote the presentation of the merits of the action and would not prejudice the plaintiff.  The Court continues to wonder whether going through these steps is necessary in light of prior court rulings, but allows the motion in part to eliminate any ambiguity in the record going forward.

## **CONCLUSION AND ORDER**

For the foregoing reasons, it is hereby ORDERED that the defendant's motion to withdraw and amend its response to the plaintiff's request for an admission [Dkt. No. 66] is GRANTED.

/s/ Donald L. Cabell  
DONALD L. CABELL, U.S.M.J.

DATED:  November 23, 2015